NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1226n.06

No. 12-5316

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Nov 28, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| STEVEN SCOTT, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROB SANDERS, et al., | ) | |
| | ) | |
| Defendants, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| and | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| GWENDOLYN KELLY; Officer COREY | ) | |
| WARNER; JOHN AND JANE DOES, | ) | |
| | ) | |
| Defendants-Appellees | ) | |

Before: GUY, SUTTON and COOK, Circuit Judges.

PER CURIAM. Someone broke into the display glass at Frank's Men's Shop in Covington, Kentucky, and stole $300 in merchandise. Detective Gwendolyn Kelley investigated. She had one suspect—Patrick Denler, a repeat troublemaker in the area. She also had tips from two witnesses. One saw a young white man who looked like he was casing the store. Another saw a young white man carrying clothes after a second break-in. But Kelley had an even better lead: Officer Corey Warner had lifted six fingerprints from the glass. Three of the prints were useless, and two came back with no matches from the fingerprint registry. But the sixth came back with a hit: Steven Scott.

Kelley sought an arrest warrant and asked Warner whether the fingerprint came from the inside or the outside of the glass. Warner told her it was on the inside. That might have been wrong—the record isn't clear. Kelley signed an affidavit, saying that Warner "located several latent prints from the glass inside the display window," that "one of the prints had comparison value," and that this print matched Scott's. Kelley got the warrant, and the police arrested Scott. After prosecutors dropped the charges, Scott sued, bringing claims under § 1983 and several state laws.

According to Scott, Kelley misrepresented and omitted facts in the warrant affidavit. The affidavit said the fingerprint was on the inside, although it may have been on the outside. The affidavit also missed some things: Two of the fingerprints had no matches in the registry, implying that they weren't Scott's; two witnesses saw young white men near the crime scene, while Scott is a black man in his late forties; there was a second break-in; and Kelley originally suspected Denler.

In an opinion by Judge William Bertelsman, the district court granted summary judgment to Kelley and Warner on the basis of qualified immunity. Officers are not personally liable for mistakes or omissions in warrants unless a plaintiff makes "a substantial showing" that the officer intentionally lied or acted recklessly and unless the false or omitted information was material. *Vakilian v. Shaw*, 335 F.3d 509, 517 (6th Cir. 2003). The district court found no evidence that Kelley and Warner were anything worse than negligent. Even then, the court added, a corrected version of the warrant would still have supported probable cause.

No. 12-5316
*Scott v. Sanders, et al.*

After carefully reviewing the record, the applicable law and the parties' briefs, we conclude

that Judge Bertelsman correctly granted summary judgment to the officers. Because the issuance

of a full opinion would serve little useful purpose in view of the district court's thorough and well-

reasoned opinion on this issue, we affirm on the basis of that opinion.